UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 05-10032-PBS |
| v. ) | |
| DARLENE PACHECO, ) | |
| Defendant. ) | |

GOVERNMENT'S SENTENCING MEMO

The government submits this memo to clarify its position on the Sentencing Guideline calculations and to express its opposition to the defendant's motion for a diminished capacity downward departure.

A. <u>Sentencing Guidelines</u>

As is set out in the Government's Objections and Clarifications to the presentence report, the government and defense agreed, in the plea agreement in this case, to take the position at sentencing that the only Guideline enhancements that apply here are:

§ 2B1.1(b)(1)(G) – because the loss was more than $200,000 but less than $400,000, the offense level <u>increases by 12</u>; and

§ 3B1.3 – because Defendant abused her position of trust as assistant branch manager, the offense level <u>increases by 2</u>.

In PSR paragraphs 36 and 38, however, the Probation Department has taken the position that the enhancements for more than 10 victims and vulnerable victims apply as well. While the government does not believe that Probation's position is incorrect as a matter of law, the government continues to feel that, given the totality of the circumstances here, the Court should consider the bank to be the victim of Pacheco's fraud, rather than the account holders, and should therefore not apply these enhancements. The circumstances

supporting this position include the fact that Pacheco has been charged with, and pled guilty to bank fraud (rather than mail or wire fraud) and that the bank, when it learned of the fraud, took responsibility for Pacheco's actions and made all of the account holders (with the exception of Pacheco's sister) whole, so that the bank, rather than the account holders, suffered the loss.

  B. <u>Diminished Capacity</u>

Based on a diagnosis by Dr. Eastman that she suffers from bi-polar disorder, as described in PSR ¶ 82, Pacheco has moved for a downward departure under U.S.S.G. § 5K2.13, based on diminished mental capacity. The Court should deny this motion and decline to grant a downward adjustment under 18 U.S.C. § 3553(a) as well because Pacheco has provided absolutely no evidence that her psychiatric condition contributed to her fraud scheme. Furthermore, the description of Pacheco's scheme, set out in PSR ¶¶ 9-23, demonstrates that she had the mental capacity to concoct and execute this fairly complex and long-running scheme while fulfilling her job responsibilities as an assistant bank manager. Finally, her description of her history of alcohol and drug abuse (PSR ¶¶ 88-93) demonstrates that, if anything impaired the defendant's ability to make rational decisions about her conduct, it was her substance abuse, a factor that cannot support a downward departure.

In order to establish significantly reduced mental capacity under U.S.S.G. §5K2.13, the defendant must demonstrate that she suffered from a "significantly impaired ability to (A) understand the wrongfulness of the behavior comprising the offense or to exercise the power of reason; or (B) control behavior the defendant knows is wrongful." U.S.S.G. § 5K2.13, app. note 1. The burden of proving causation rests on the defendant. <u>United States v. Regan</u>, 989 F.2d 44, 45 (1st Cir. 1993).

The complex and long-running nature of Pacheco's scheme, which ran from 1993

through 2002, undermines her claim the she was suffering from "a significantly reduced mental capacity" when she orchestrated it. U.S.S.G. § 5K2.13. See, e.g., United States v. Leandre, 132 F.3d 796, 805 (D.C. Cir. 1998) ("mental acumen required for the planning, preparation, and execution of a crime is a logical starting place" for evaluating a defendant's cognitive capacity); United States v. Goossens, 84 F.3d 697, 701 (4th Cir. 1996) (same); Regan, 989 F.2d at 46 (noting defendant's skillful and comprehensive methods to divert bank funds demonstrated remarkable ability, not diminished capacity).

The fact that Pacheco took elaborate steps to conceal her scheme, by continually taking out new loans to pay older ones, for example, shows that she was well aware of the fact that what she was doing was wrong and that she was able to control her behavior well enough to try to hide her crimes.

A review of additional case law further illustrates the point. Courts have denied motions for downward departures based on reduced mental capacity where the medical and psychological conditions present were greater than or comparable to those exhibited by the defendant. See Goossens, 84 F.3d at 701 (evidence, including psychological report diagnosing Axis I Dysthymic Disorder and Generalized Anxiety Disorder, did not support finding that defendant suffered from significantly reduced mental capacity); United States v. Johnson, 979 F.2d 396, 400-401 (6th Cir. 1992) ("severe adjustment disorder" was not sufficiently unusual to warrant departure); United States v. Janusz, 986 F.Supp. 328, 330 (D. Md. 1997) (defendant was not entitled to a downward departure where psychiatrist stated that defendant's depression "was severe enough to have caused a change in her normal impulse control and judgment," but evidence showed that she was capable of orchestrating embezzlement scheme that escaped detection for a number of years); United States v. Skodnek, 933 F. Supp. 1108, 1122 (D. Mass. 1996) (Court denied downward departure

motion based on diminished capacity where there was evidence that defendant had a major depressive disorder, a psychotic disorder, and an obsessive compulsive personality disorder with self-destructive compulsions) (Gertner, J.).

Here, there is no evidence, nor is there any expert opinion suggesting that Pacheco's mental condition was in any way responsible for her crime.  What is clear from her own statements to the Probation Department, however, is that Pacheco was abusing alcohol and several kinds of drugs during the period that she executed her fraud scheme.  Pacheco stated that "because of the drugs, she did not worry about what she was 'really' doing." PSR ¶ 93.  Thus, to the extent that "diminished capacity" in some way contributed to her crimes, the evidence indicates that it was Pacheco's substance abuse that caused this mental impairment.  But it is important to note that even during her periods of what she describes as serious drug abuse, she was able to satisfactorily perform her duties as an assistant bank manager while simultaneously executing her fraud scheme.

The Court should, therefore, deny Pacheco's request for a diminished capacity downward departure or adjustment.

    Respectfully submitted,

    MICHAEL J. SULLIVAN
    United States Attorney

By:   /s/ Adam J. Bookbinder
    Adam J. Bookbinder
    Assistant U.S. Attorney

Dated: September 7, 2005